WHITNEY, Respondent, *v.* PUBLIC GRAIN & STOCK EXCHANGE OF NEW YORK, Appellant.

*(Common Pleas of New York City and County, General Term.   May 16, 1889.)*

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*W. W. Niles, Jr.*, for appellant.   *W. H. Secor*, for respondent.

Judgment reversed, new trial ordered, costs to abide event.

---

SCANLON, Respondent, *v.* BROPLY *et al.*, Appellants.

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

*A. Lamont*, for appellants.   *A. H. Reavey*, for respondent.

Appeal from second district court.

Judgment affirmed, with costs.

---

TOWART, Respondent, *v.* BROADWAY & S. A. R. Co., Appellant.

*(Superior Court of New York City, General Term.   January 7, 1889.)*

Appeal from jury term.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*Samuel B. Clarke*, for appellant.   *Henry B. Staples*, for respondent.

PER CURIAM.   The only objection taken on the appeal is that the verdict was for an excessive amount of damages.   It is here to be taken that the jury credited the testimony of the plaintiff in describing the effect upon her of the hurts she received, and of her friend, who was a witness, and of her physician.   On considering this testimony, it cannot be held that the jury abused its power to assess the damages.   The judgment and order appealed from are affirmed, with costs.

---

SCOTT, Appellant, *v.* BROOKLYN CITY R. Co., Respondent.

*(City Court of Brooklyn, General Term.   November 25, 1889.)*

Argued before CLEMENT, C. J., and OSBORNE, J.

*F. J. Moissen*, for appellant.   *Charles Scott* and *Morris & Pearsall*, for respondent.

PER CURIAM.   The answer in this case was a denial of facts, and not of conclusions, and the motion for judgment on the pleadings was therefore properly denied.   The exceptions at folios 52, 60, 61, and 63 were not well taken, for the reason that the testimony, which was objected to, was clearly admissible to contradict the statements of the witness Lippitz.   As to the other points raised by the counsel for the appellant, we hold that, on the pleadings and the proofs, the burden was on the plaintiff to show that there was no negligence on his part which contributed to his injury, and also to show that he was injured solely by the negligence of the employes of the defendant.

Judgment and order denying new trial affirmed, with costs.